# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

————————

No. 25-30061
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Lionel Haile,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-34-1

————————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Lionel Haile was sentenced to 240 months of imprisonment after being convicted of assaulting a federal officer in performance of official duty, in violation of 18 U.S.C. § 111(a), (b).  On appeal, Haile contends that the district court erred in applying a two-level sentencing enhancement under

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30061

U.S.S.G. § 2A2.2(b)(1) because his assault did not involve more than minimal planning.

We review the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error. *United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020). Whether Haile engaged in more than minimal planning under § 2A2.2(b)(1) is a question of fact reviewed under the clearly erroneous standard. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

The district court's determination that the assault involved more than minimal planning was plausible based on the record, which included evidence that Haile interacted with the victim, left the scene, and returned six minutes later in different clothes with a knife. Moreover, Haile took significant affirmative steps to conceal the offense by wearing a hooded sweater with the hood raised and donning a glove on the hand holding the knife. Because a finding that Haile engaged in more than minimal planning is plausible in light of the record as a whole, the district court did not clearly err in applying an enhancement under § 2A2.2(b)(1). *See* U.S.S.G. § 2A2.2(b)(1), comment. (n.2); *Calbat*, 266 F.3d at 364.

Accordingly, the judgment of the district court is AFFIRMED.